DANIEL G. BOGDEN
United States Attorney
MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6518
Facsimile: 702-388-6787
Michael.Humphreys@usdoj.gov
Attorneys for the United States.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-CR-048-JCM-(CWH) |
| ) | |
| v. ) | |
| ) | |
| NANCY MAGENO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### United States' Motion To Amend Judgment   AND ORDER

**Background and Facts**

COMES NOW the United States of America, by and through the United States Attorney for the District of Nevada, and moves this Court, pursuant to Rule 36, Fed. R. Crim. P., to amend the order of Judgment and Commitment that this court entered in the above-captioned case on September 12, 2012.

In this case, the defendant was indicted for conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 23, 2012, the defendant was found guilty on Count 1 of the Criminal Indictment, charging her with conspiracy to distribute more than 50 grams of methamphetamine. Following the jury verdict, on June 6, 2012, the Court entered a preliminary Order of Forfeiture forfeiting a criminal forfeiture money judgment in the amount of $44,400.00. At the defendant's sentencing hearing on August 28, 2012, counsel for the United States apparently failed to present the final Order of Forfeiture for

the Court's review and signature. On September 12, 2012, this Court signed a standard "Judgment In A Criminal Case" form that imposed various penal sanctions on the defendant, including a 87-month term of incarceration.

Typically, during the course of a sentencing hearing, Government counsel will request, or the Court will declare, *sua sponte*, that the forfeiture order will be appended to, and made a part of, the signed Judgment and Commitment. This practice is consistent with the mandate of Rule 32.2 (b)(4)(B), Fed. R. Crim. P., which states that the Court "must also include the forfeiture order, directly or by reference, in the judgment, but that the Court's failure to do so may be corrected at any time under Rule 36." While it was (and is) the intent of the Government that this Court make the order of forfeiture a part of the Judgment and Commitment, apparently no such statement of incorporation was made at the sentencing by the Court or counsel.

The straightforward provisions of Rule 36, Fed. R. Crim. P., provide that: "After giving any notice it considers appropriate, the court may **at any time** correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." (emphasis added).[1]

That it was this Court's intent to impose a forfeiture sanction against the defendant is apparent from its execution of the preliminary Order of Forfeiture. However, to give that independent order the force and effect of a judgment, the final Order of Forfeiture should be entered by the Court and, as Rule 32.2 requires, the final Order should be incorporated by reference, as well as by physical attachment, to the Judgment and Commitment form.

In addition, at the bottom of the "Schedule of Payments" page of the Judgement and Commitment, we request that this Court check the box that denotes the following language: "The defendant shall forfeit the defendant's interest in the following property to the United States:" Underneath that checked box we request that the following language be included:

---

[1] Consistent with standard practice, the United States will serve defendant's counsel with a copy of this motion to satisfy the notice requirement embodied in Rule 36.

"See attached final Order of Forfeiture"

Because Rule 36 gives this Court expansive authority to correct a clerical error or oversight; because it was the intent of this Court and the Government that the property described in the Indictment and the preliminary Order of Forfeiture be forfeited to the United States; and because it will serve the ends of justice enter the final Order of Forfeiture and to make a correction to the Judgment and Commitment, as described above, that complies with the requirements of Rule 36, the United States requests that the final Order of Forfeiture be entered by the Court and that the Judgment and Commitment be modified accordingly and that a copy of the final Order of Forfeiture be appended thereto.

WHEREFORE, the United States requests that its motion, in its entirety, be granted.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/Michael A. Humphreys
MICHAEL A. HUMPHREYS
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE
DATED: November 9, 2012